Cite as 2022 Ark. App. 431

# ARKANSAS COURT OF APPEALS
### DIVISION I
No. CR-22-47

| | |
|---|---|
| BENJAMIN VESTAL | Opinion Delivered October 26, 2022 |
| APPELLANT | APPEAL FROM THE FAULKNER COUNTY CIRCUIT COURT [NOS. 23CR-20-667 & 23CR-20-760] |
| V. | HONORABLE TROY B. BRASWELL, JR., JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

## WAYMOND M. BROWN, Judge

This is a consolidated appeal of two separate cases involving appellant Benjamin Vestal. In case No. 23CR-20-667, appellant was charged with theft by receiving with a value greater than $5000 but less than $25,000, and first-degree terroristic threatening. In case No. 23CR-20-760, appellant was charged with second-degree discharge of a firearm from a car, possession of firearm by certain persons, and aggravated assault. In case No. 23CR-20-667, appellant was found guilty of theft by receiving with a value less than $1000 and was sentenced to twelve months' imprisonment in the county jail. He was also found guilty of first-degree terroristic threatening and was sentenced to fifteen years' imprisonment.[1] In case

---

[1]The sentences in this case were to run concurrently to each other and concurrently to the sentences in case No. 23CR-20-760.

NO. 23CR-20-760, appellant was found guilty of all charges and sentenced to an aggregate term of thirty years' imprisonment followed by ten years' suspended imposition of sentence.[2] The sentencing orders in both cases were filed on October 13, 2021. Appellant's timely appeal followed.

Appellant argues on appeal that the evidence was insufficient to support his convictions. The State contends that appellant failed to preserve the issue for appellate review. We agree. In order to preserve a challenge to the sufficiency of the evidence in a bench trial, a criminal defendant must make a specific motion for dismissal at the close of all evidence.[3] Rule 33.1 reads in pertinent part:

> (b) In a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of all of the evidence. The motion for dismissal shall state the specific grounds therefor. If the defendant moved for dismissal at the conclusion of the prosecution's evidence, then the motion must be renewed at the close of all of the evidence.

> (c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment.[4]

---

[2]Appellant was sentenced as a habitual offender in both cases.

[3]*Sellers v. State*, 2013 Ark. App. 210; Ark. R. Crim. P. 33.1(b)–(c) (2021).

[4]Ark. R. Crim. P. 33.1(b)–(c) (2021).

It is well settled that Rule 33.1 is strictly construed.[5]  Failure to adhere to the requirements in Rule 33.1(b) "will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment."[6]

Here, there is no indication that appellant ever moved for dismissal at his bench trials. Therefore, his challenges to the sufficiency of the evidence supporting his convictions are not preserved for our review, and we affirm.

Appellant raises a second challenge in case No. 23CR-20-760.  Appellant maintains that the circuit court abused its discretion by allowing Dylan Cartwright's speculative testimony concerning what May was experiencing after appellant allegedly shot at May's Jeep. A circuit court has broad discretion in evidentiary rulings, and this court will not reverse a circuit court's ruling on the introduction of evidence unless the lower court has abused that discretion.[7]

Appellant seems to be making two separate arguments in this challenge.  First, he argues that the circuit court erred by admitted Cartwright's speculative testimony that May was "stressed" after appellant shot at May's vehicle.  The State maintains, and we agree, that although the circuit court overruled appellant's objection, the State subsequently changed the question.  Therefore, Cartwright never answered the question appellant complains about.

---

[5]*Sellers*, *supra*.

[6]Ark. R. Crim. P. 33.1(c).

[7]*Taylor v. State*, 2022 Ark. App. 296.

3

Next, appellant argues that the circuit court erred by allowing Cartwright to testify, over appellant's objection, about what May said to him while they were fleeing appellant. The circuit overruled the objection based on the excited utterance exception. Although hearsay is generally not admissible pursuant to Rule 802 of the Arkansas Rules of Evidence, Rule 803 provides an exception for an excited utterance even though the declarant is available as a witness. An excited utterance is a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."[8] Here, according to Cartwright, May handed him the phone and told him to call 911 because they were being shot at. This falls within the type of circumstances contemplated by the rule. Thus, the circuit court was correct in overruling appellant's objection.

Affirmed.

ABRAMSON and WHITEAKER, JJ., agree.

*James Law Firm*, by: *William O. "Bill" James, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.

---

[8]Ark. R. Evid. 803(2).